

JOSEPH IPARAGUIRRE IN PRO PER
11801 PIERCE STREET
SECOND FLOOR
RIVERSIDE, CA 92505
(951) 789-6266

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 0 2021

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION**

Joseph Iparaguirre

                    Plaintiff,

vs.

Physicians for Healthy Hospitals DBA
KPC Group Inc
A California corporation,
Anthem DBA Anthem Blue Cross Life and
Health Insurance Company A California
corporation

and DOES 1 through 100, inclusive,
                    Defendants.
_____/

Case No. EDCV 21 - 02110-JWH(KKx)

**COMPLAINT**

BREACH OF THE EMPLOYEE RETIREMENT
INCOME SECURITY ACT OF 1974;
ENFORCEMENT AND CLARIFICATION OF
RIGHTS;PREJUDGEMENT AND POSTJUDMENT
INTEREST;AND ATTORNEY FEES AND COST

**JURISDICTIONAL ALLEGATIONS**

1.  This Court has jurisdiction under 28 U.S.C. § 1331.  This action

brought under 29 U.S.C. § 1132 (a),(e),(f) and (g) of the Employee Retirement

Income Security Act of 1974 (hereafter) ERISA, as it involves a claim by

Plaintiff for employee benefits under an employee benefit plan regulated and

governed by ERISA.

COMPLAINT AND JURY TRAIL DEMAND

- 1

1

**VENUE**

2     2. Venue is proper pursuant to 28 U.S.C. § 1391 giving rise to this

3 complaint happened in this district.

4     **PARTIES**

5     At all times material to this lawsuit, Joseph Iparaguirre (hereafter

6 "Plaintiff").

7     3. At all times material to this lawsuit, KPC Group Inc, (hereafter

8 "KPC") Defendant was and is a California corporation, doing business in the

9 State of California. KPC is the employer of hospitals and namely of Hemet

10 Global Medical Center where ERISA coverage was offered and accepted by

11 Plaintiff's wife. KPC is also the 3rd party administrator of COBRA coverage.

12

13     4. At all times material to this lawsuit, DBA Anthem Blue Cross Life

and Health Insurance Company, (hereafter "Anthem") Defendant was and is a

14 California corporation, doing business in the State of

15 California. Anthem is the insurer that determines claims payments.

16     Plaintiff alleges on information and belief that each of the defendants

17 designated herein as a fictitious named defendant is, in some manner,

18 responsible for the events and happenings referred to, either contractually

19 or tortiously, and/or that such fictitiously named defendants are liable in

20 some manner for the claim.  When Plaintiff ascertains the true names and

21 capacities of Defendant, Plaintiff will amend this complaint accordingly.

22     5.  All acts necessary or precedent to the bringing of this lawsuit

23 occurred in Riverside County, California.

24

25

COMPLAINT AND JURY TRAIL DEMAND

**STATEMENT OF FACTS**

6. Linda Iparaguirre, Plaintiff's wife has been enrolled in KPC health plan through her employer, KPC.

7. Plaintiff was enrolled in her plan as a covered spouse. KPC Health and Anthem Member ID FKP HN1002362 was entitled to health benefits under a group (employer group: KPC Group Inc.) employee welfare benefit plan (Group #281993)(the Plan) regulated by ERISA.

9. Premium payments were made the entire time for the expressed purpose of having medically necessary treatment and services as prescribed by in policy issued by Anthem and administrated by KPC Group, Inc DBA KPC Health.

10. Plaintiff doesn't have Anthem Group PPO Plan Evidence of Coverage, even after various request from Plaintiff's wife from KPC Health and KPC Group Inc.

11. On October 13, 2013, Plaintiff had x-rays of both knees done per order of Dr. Raja Dhalla, an Orthopedic Surgeon. After reviewing the x-rays, he noted that Plaintiff has developed Osteoarthritis in both knees. Dr. Dhalla recommended getting bi-lateral Synvisc One injections for his knees.

12. *Genzyme Corporation (Nasdaq: GENZ) February 26, 2009 today announced that the U.S. Food and Drug Administration (FDA) has granted marketing approval for Synvisc-One$^{TM}$ (hylan G-F 20), a product intended for the relief of pain associated with osteoarthritis (OA) of the knee. Synvisc-One is the only single-injection viscosupplement approved for the treatment of OA knee pain in the United States. This therapy has the potential to redefine the market for viscosupplementation products by extending the benefits of this therapeutic approach to a broader set of patients and reducing the total cost and burden of multiple injections.*

*"In just one visit to the doctor's office, patients suffering from osteoarthritis may experience clinically significant pain relief for up to six months and for some patients this pain relief could potentially translate into a **delay in the need for a total knee replacement**," said Jack M. Bert, M.D., president of the Arthroscopy Association of North America and adjunct clinical professor at the University of Minnesota School of Medicine. "This single injection regimen will provide greater physician and patient convenience."*

*Synvisc-One is administered through a single intra-articular injection. It is an alternative treatment regimen to Genzyme's Synvisc® (hylan G-F 20), a three-injection viscosupplement*

COMPLAINT AND JURY TRAIL DEMAND

approved in the United States in 1997 and in use worldwide for more

than 16 years. Synvisc-One contains the same material (The injection

contains a gel-like mixture made from a substance called hyaluronan (pronounced hy-al-u-ROE-nan) that

comes from chicken combs.  Hyaluronan is a natural substance found in the body and is present in very

high amounts in joints.  The body's own hyaluronan acts like a lubricant and a shock absorber in the

joint and is needed for the joint to work properly) and total treatment volume as

Synvisc but provides the 6 mL of hylan G-F 20 in a single

injection. Viscosupplementation is a procedure in which

hyaluronic acid or a derivative such as hylan G-F 20 is

injected into the knee joint to replace synovial fluid that

typically becomes degraded in patients with osteoarthritis.

In synovial fluid, hyaluronic acid relieves pain and improves

the knee joint's natural shock absorbing abilities.

"Synvisc-One is an important therapy for OA of the knee because

it delivers long-term pain relief through a single injection

without the systemic side effects that can be caused by

steroids and anti-inflammatory medication," said Ann

Merrifield, president of Genzyme Biosurgery, the business unit

of Genzyme Corp. that manufactures and markets Synvisc.

    13. On November 11, 2013 Dr. Raja Dhalla administered bilateral

Synvisc One injections in Plaintiff's knees.  Within weeks, Plaintiff motions

In both knees vastly improved.

14. Plaintiff continued the recommended treatment every 6 months as Dr. Raja and Genzyme Corporation (the maker of Synvisc-One) recommended.

15. Plaintiff has been able to return to normal activities, easily go on long walks, and stand for a longer period of time. Regularly working out in the gym reduced previous medical conditions from inactivity.

16. Plaintiff has x-rays from October 13, 2013 to May 4, 2021. The x-rays shows how well the treatment is working for the Plaintiff.

17. On July 01, 2016 KPC Group changed insurance plans from Blue Shield to Anthem HMO.

18. In and around May 2017, Anthem on it's own, declined the bi-lateral Synvisc-One injections. Dhalla Orthopedic Center, Inc. had exhausted all it appeal rights and notified Plaintiff to pay for the treatment.

19. On September 13, 2017 Plaintiff filed an appeal with Anthem.

20. Plaintiff started suffering pain in both knees and had a hard time walking. Plaintiff had to stop exercising because the pain was so great. High blood pressure returned and Cholesterol levels climbed.

21. On October 10, 2017, EXHIBIT 1, Anthem reversed their decision and approved the Bi-Lateral Synvisc-One injections.

22. Plaintiff had the bi-lateral Synvisc-One injections administrated, 2 more times, 1 year when Plaintiff received a denial letter from Sharp Community Health, under the care of Dr. Adnan Cutuk in July 09, 2018 EXHIBIT 2.

23. Plaintiff again started to have pain in both knees. Dr, Adnan Cutuk, administered Corticosteroid injections in both knees. The treatment was ineffective and there was no change in Plaintiff's condition.

24. In July 19, 2018, Anthem declined the treatment again and Plaintiff filed a complaint with the California Department of Managed Health Care. EXHIBIT 3.

25. Plaintiff again, started suffering pain in both knees, had a hard time walking and stopped exercising because the pain was so great. High blood pressure returned, Cholesterol levels climbed and he started to gain weight.

26. On October 2, 2018, the Department of Managed Health Care, sent it's written decision. In it, Maximus Federal Services, provided evidence by one of it's physician reviewers, that the treatment is Medically Necessary. Exhibit 4.

27. On March 26, 2020 Plaintiff had Dr. Michael Kimball, an Orthopedic Surgeon of Girard Orthopaedic Surgeons administer bi-lateral Synvisc-One injections.
According to his office, they were paid for the service and injections by Anthem within 30 days.

28. On November 13, 2020 Plaintiff had Dr. Michael Kimball administer bi-lateral Synvisc-One injections. But this time Girard Orthopaedics was not paid.

29. Plaintiff believes that he wasn't aware of the denial until February 21, 2021. Plaintiff was advised that a denial letter was sent. Plaintiff never received denial letter from Anthem.

30. Plaintiff believes that he contacted KPC in and around February 21, 2021. Plaintiff was advised that Girard Orthopaedic Surgeons, failed to submit medical records. Plaintiff was informed by Girard Orthopaedic Surgeons that the records were sent to Anthem electronically.

31. Plaintiff kept following up with Girard Orthopaedic Surgeons until Plaintiff filed an appeal with Anthem on July 29, 2021. Plaintiff received a letter from Anthem confirming the appeal.

32. Plaintiff called KPC numerous time and advised every time that KPC and Anthem "are still working on it".

33. On November 29, 2021 Plaintiff received a bill from Girard Orthopaedic Surgeons EXHIBIT 5, showing that Anthem only paid $127.76 of the $2431.76.

34. Plaintiff never received the second denial letter from Anthem.

35. Plaintiff called KPC December 6, 2021 as Anthem letter states to call the plan administrator. KPC informs that the injections aren't covered and Plaintiff isn't responsible for any of the $2431.76. KPC further advises that Girard Orthopaedic can't balance bill Plaintiff.

36. Plaintiff reached out to Girard Orthopaedic Surgeon's billing company on December 9, 2021 via email and hasn't received a reply in regards owing nothing.

37. Plaintiff believes that he is responsible as he signed a guarantee of payment if an insurance company fails to pay for services rendered at Girard Orthopaedic Surgeons.

## FIRST CAUSE OF ACTION

### FOR DENIAL OF PLAN BENEFITS UNDER ERISA

38. Plaintiff refers to and incorporates by reference paragraphs 1 through 37.

39. At all times relevant, Plaintiff was covered under a group policy Of health insurance issued by Anthem and administrated by KPC.

40. Plaintiff's proposed treatment of bi-lateral Synvisc-One injections

was covered under this group policy as it was medically necessary, as stated by 3 Orthopedic Surgeons and Maximus Federal Services in there independent medical review. Thus is the appropriate medical treatment.

40. Defendants violated EIRSA by wrongfully not covering the benefit under the plan.

41. As a direct and proximate result of Defendant's actions in denying Plaintiff's claim for medically necessary treatment Plaintiff is liable to pay for treatment that has always been covered.

42. Defendants wrongfully denied Plaintiff's claim for bi-lateral Synvisc-One injections, in the following respects, among others:

(a) Failure to pay medical benefit payment due to Girard Orthopaedic Surgeons at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan.

(b) Failure to provide any explanation of the denial of coverage.

(c) Failure to provide Evidence of Coverage, when requested.

(d) After Plaintiff's claim were denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim.

(e) Failure to investigate the merits of Plaintiff's claim properly and adequately

(f) Failure to consider the overwhelming medical evidence, even their own, showing that treatment is medically necessary, safe and most effective.

43. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied the claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be

discovered in this litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

44. Following the denial of claims made for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

45. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all medical bills incurred for his treatment.

46. As further direct and proximate result of this improper determination regarding the medical claims. Plaintiff, in pursuing this action, has been required to incur fees, cost and possibly attorney fees. Pursuant to 29 USC § 1132(g)(1), Plaintiff is entitled to have such fees and cost paid by the Defendants.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**AGAINST FOR EQUITABLE RELIEF**</u>

47. Plaintiff refers to and incorporates by reference paragraphs 1 through 46 as though fully set forth herein.

48. As a direct and proximate result of the failure of the Defendants to pay claim for medical benefits, and resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and requests that this Court grant Plaintiff the following relief to 29 U.S.C. § 1132(a)(1)(B) and ERISA § 502(c).

      (a) Restitution of all past benefits due to Plaintiff.

      (b) Such other and further relief as the Court deems necessary and Proper to protect the interest of the Plaintiff under the Plan.

## REQUEST FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. Payment of health benefits due to Plaintiff under the Plan;
2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and
4. For such other and further relief as the Court deems just and proper.

### JURY TRAIL

Plaintiff Joseph Iparaguirre hereby demands a jury trail on all causes of action set forth in this Complaint.

Dated this 20th day of December, 2021

By _____

Joseph Iparaguirre

JOSEPH IPARAGUIRRE IN PRO PER
11801 PIERCE STREET
SECOND FLOOR
RIVERSIDE, CA 92505
(951) 789-6266

COMPLAINT AND JURY TRAIL DEMAND

- 11

EXHIBIT 1

Anthem Blue Cross
Grievances and Appeals
P.O. Box 4310
Woodland Hills, CA 91365



October 10, 2017

Joseph Iparaguirre
20061 Lounsberry RD
Perris, CA 92570

| | |
|---|---|
| Case number: | 373891 |
| Member name: | Joseph Iparaguirre |
| Member ID number: | 196M85290 |
| Date grievance received: | September 13, 2017 |

Dear Mr. Iparaguirre:

We've finished reviewing the grievance for: the denial for Synvisc injections. Based on the information we have, coverage is approved.

After careful review and consideration of your appeal, your request is approved. We reached out to your Primary Medical Group (PMG), Riverside Physician Network, and were advised the authorization request for Synvisc injections is approved. Authorization number 00449452 is valid until November 11, 2017.

Payment of claims depends on the terms of your plan. How much is covered will depend on any copays, deductibles, co-insurance and maximums you may have. The approval of the services doesn't change any benefits listed in your benefits booklet. Your benefits booklet explains what your plan covers in more detail.

Your coverage may change or renew. If it does, you should make sure your plan still covers the services that are approved. Coverage is subject to eligibility and what your plan says at the time you get services.

If you have any questions about this letter, call customer service toll-free at **1-800-365-0609** or **1-866-333-4823** our TDD line for the hearing and speech impaired.

Sincerely,

*Catalina S.*

Catalina S.
Grievances and Appeals Analyst
Grievances and Appeals

Anthem Blue Cross is the trade name of Blue Cross of California. Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company are independent licensees of the Blue Cross Association. ® ANTHEM is a registered trademark of Anthem Insurance Companies, Inc. The Blue Cross name and symbol are registered marks of the Blue Cross Association.

**The Department of Managed Health Care**

The California Department of Managed Health Care (DMHC) is responsible for regulating health care service plans. If you have a grievance against your health plan, you should first telephone your health plan at **1-800-365-0609** or 1-866-333-4823 a TDD line for the hearing and speech impaired and use your health plan's grievance process before contacting the department. Utilizing this grievance procedure does not prohibit any potential legal rights or remedies that may be available to you. If you need help with a grievance involving an emergency, a grievance that has not been satisfactorily resolved by your health plan, or a grievance that has remained unresolved for more than 30 days, you may call the department for assistance. You may also be eligible for an Independent Medical Review (IMR). If you are eligible for IMR, the IMR process will provide an impartial review of medical decisions made by a health plan related to the medical necessity of a proposed service or treatment, coverage decisions for treatments that are experimental or investigational in nature and payment disputes for emergency or urgent medical services. The department also has a toll-free telephone number (**1-888-HMO-2219**) and a TDD line (**1-877-688-9891**) for the hearing and speech impaired. The department's Internet Web site **http://www.hmohelp.ca.gov** has complaint forms, IMR application forms and instructions online.

**Binding Arbitration**

If you don't agree with the way this case was handled, please refer to your policy for further instructions on resolving disputes. Your complaint may be subject to binding arbitration in accordance with the terms of your policy.

**ERISA Rights**

If your plan is subject to the Employee Retirement Income Security Act of 1974 (ERISA), once you have exhausted all mandatory appeal rights, you have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA.

# EXHIBIT 2

# SHARP. Community Medical Group

(858) 499-2550 ♦ 8695 Spectrum Center Blvd., 4th Floor ♦ San Diego, California 92123

San Diego ♦ Chula Vista ♦ Grossmont ♦ Coronado ♦ North County ♦ Graybill ♦ Arch Health

July 09, 2018



JOSEPH IPARAGUIRRE
11801 PIERCE ST
RIVERSIDE CA 92505-4408

01125

## COMMERCIAL SERVICE DENIAL NOTICE (CSDN)

| | |
|---|---|
| Member Name: | Joseph Iparaguirre |
| Referral Number: | 8284719 |
| Health Plan: | Anthem Blue Cross |
| Member DOB: | 10/12/1957 |
| Member Phone: | 951-789-6266 |
| Member ID Number: | 196M85290*02 |
| Primary Care Physician: | Gregory Czer M.D. |
| Referring Physician: | Adnan Cutuk M.D. |
| Referral To: | Adnan Cutuk M.D. |
| Service: | Synvisc one (bilateral knees) |

Dear Joseph Iparaguirre:

The requesting provider/physician has asked for the above referenced service. The service requested is being denied by Sharp Community Medical Group because there is lack of medical necessity. This decision was based on your medical information.

Your doctor asked for Synvisc-One (a shot to treat joint pain) in both of your knees. Anthem Blue Cross Clinical UM Guideline (CG-DRUG-29) titled Hyaluronan Injections states: hyaluronan injections (shots that care for joint pain) in the knee are not considered medically necessary for osteoarthritis (long-term joint and bone pain, stiffness and swelling). Your records show you have osteoarthritis of both knees. This request cannot be approved. Please talk to your doctor about your care .

You may obtain a free of charge copy of the actual benefit provision, guideline, protocol or other similar criterion on which the denial decision was based, upon request, by calling Sharp Community Medical Group at 858-499-4607. You may contact your provider for detailed information about your diagnosis or treatment. This could include the detailed codes and their meanings.

Anthem_ICE CSDN Issued 10/07 Revised 11/08,
12/08, 9/09, 07/11, 4/13, 4/17, 9/17

Page 1 of 6

Page

The requesting provider/physician has been advised of this denial and given the opportunity to discuss this determination with Sharp Community Medical Group's physician reviewer.

## How to Dispute This Determination*

If you believe that this determination is not correct, you have the right to appeal the decision by filing a grievance with your health plan. Your health plan requests that you submit your grievance within 180 days from the postmark date of this notice. You or someone you designate (your authorized representative) may submit your grievance verbally or in writing. You may call your health plan to learn how to name your authorized representative.

There are two types of grievances: *standard and expedited*.

## Standard Grievance Process

A standard grievance will be resolved within 30 days. Your health plan will notify you in writing of the decision within 30 calendar days of receiving your grievance.

## Expedited/72 hour Grievance Process

Your health plan makes every effort to resolve your grievance as quickly as possible. In some cases, you have the right to an expedited grievance when a delay in the decision making might pose an imminent and serious threat to your health, including but not limited to severe pain, potential loss of life, limb, major bodily function, or if the normal timeframe for the decision making process would be detrimental to your life, health or could jeopardize your ability to regain maximum function. If you request an expedited grievance, your health plan will evaluate your grievance and health condition to determine if your grievance qualifies as expedited. If so, your grievance will be resolved within 72 hours. If not, your grievance will be resolved within the standard 30 days.

## Submitting Your Grievance

Please submit a copy of your denial notice and a brief explanation of your situation, or other relevant information to your health plan. Your health plan will document and process your standard or expedited grievance and provide you with written notification of the decision. You may write, call or fax your grievance to your health plan. Health plan address, telephone and FAX number is listed at the end of this letter.

## Simultaneous External Review

If you qualify for an urgent grievance, you may ask for an independent medical review (IMR) with the Department of Managed Health Care (the department) instead of, or at the same time as, asking for an urgent grievance with your health plan. Details about IMR are included in this document.

## Department of Managed Health Care Complaint Process

The California Department of Managed Health Care is responsible for regulating health care service plans. If you have a grievance against your health plan, you should first telephone your health plan at **1-800-365-0609 or TTY/TDD users may call 1-866-333-4823** and use your health plan's grievance process before contacting the department. Utilizing this grievance procedure does not prohibit any potential legal rights or remedies that may be available to you. If you need help with a grievance involving an emergency, a

Anthem Blue Cross
Grievances and Appeals
P.O. Box 4310
Woodland Hills CA 91365


Anthem.
BlueCross

July 23, 2018

Joseph Iparaguirre
20061 Lounsberry Rd
Perris, Ca, 92570-0000

Dear Mr. Iparaguirre,

### We've reviewed your grievance.

We've gone over everything and have decided to keep our previous coverage decision. Here's a detailed explanation.

**More Details**

**Member**
Iparaguirre, Joseph

**Member ID**
196M85290

**Case Number**
442081

**Date Request Received**
June 10, 2018

### Your grievance
You requested a grievance for coverage of Synvisc One a hyaluronan (thick slippery material that cushions the joint) injection for the knee because you state that this is medically necessary to treat your condition (bilateral knee pain).

### Our decision
Your plan has reviewed your specific circumstances and health conditions as documented in the medical records provided. The reviewers included a health plan specialist who is a medical doctor board (MD) certified in orthopedic surgery and a health plan medical director who is a medical doctor (MD) board certified in allergy and immunology.

We cannot approve your request for injections (Synvisc- One/Hyaluronan Injections) into the knee joint. The requested knee injection is considered not medically necessary for your condition and for all other knee conditions (Including osteoarthritis of the knee). We based this decision on the health plan clinical guideline titled Hyaluronan Injections in the Knee (CG-DRUG-29).

The services are considered not Medically Necessary as defined in section titled "Definitions" of your Evidence of Coverage (benefits booklet), dated January, 2018, as the following:

### Medical Necessity (Medically Necessary)
Medically necessary procedures, services, supplies or equipment are those that your medical group or Anthem decides are:

Anthem Blue Cross is the trade name of Blue Cross of California. Anthem Blue Cross is an independent licensee of the Blue Cross Association. ANTHEM is a registered trademark of Anthem Insurance Companies, Inc. The Blue Cross name and symbol are registered marks of the Blue Cross Association.

CA-DMHC-NMN-PLAN-072417

- ♦ Appropriate and necessary for the diagnosis or treatment of the medical condition.
- ♦ Clinically appropriate in terms of type, frequency, extent, site and duration and considered effective for the patient's illness, injury or disease.
- ♦ Provided for the diagnosis or direct care and treatment of the medical condition.
- ♦ Within standards of good medical practice within the organized medical community.
- ♦ Not primarily for your convenience, or for the convenience of your doctor or another provider.
- ♦ Not more costly than an alternative service or sequence of services that is medically appropriate and is likely to produce equivalent therapeutic or diagnostic results in regard to the diagnosis or treatment of the patient's illness, injury, or condition.
- ♦ The most appropriate procedure, supply, equipment or service which can safely be provided. The most appropriate procedure, supply, equipment or service must satisfy the following requirements:
  - ♦ There must be valid scientific evidence demonstrating that the expected health benefits from the procedure, equipment, service or supply are clinically significant and produce a greater likelihood of benefit, without a disproportionately greater risk of harm or complications, for you with the particular medical condition being treated than other possible alternatives; and
  - ♦ Generally accepted forms of treatment that are less invasive have been tried and found to be ineffective or are otherwise unsuitable.

**Additional Rights**

If your health benefit plan is subject to the Employee Retirement Income Security Act of 1974 (ERISA), once you have exhausted all mandatory appeal rights, you have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA within one year from the date of this letter.

If you don't agree with the way your grievance was handled, we can work with you to find a solution. Your Evidence of Coverage should have more information about resolving disputes (look for details about Binding Arbitration).

This is our final decision for your grievance but you may have more rights. We've included information with this letter. If you have any question about our decision or your rights, please contact customer service toll free at **1-800-365-0609** or 1-866-333-4823 for the hearing and speech impaired. You can also write to **Anthem Blue Cross, Grievances and Appeals, P.O. Box 4310, Woodland Hills, CA 91365**.

Sincerely,

Yu-Luen Hsu, M.D.
Medical Director
Grievances and Appeals

YLH/cm

Enclosures:
Your member rights
DMHC IMR Application and Instructions
Authorized Assistant form
DMHC envelope

**You can find our Medical Policies online at www.anthem.com/ca/about/**



**Your member rights**
If you don't agree with this decision or want more information about it, there
may be more you can do.

If you're mailing anything to us, you can send it here:
Anthem Blue Cross
Grievances and Appeals
P.O. Box 4310
Woodland Hills, CA 91365

If you have any questions about any of this information, please call customer service at
**1-800-365-0609** or 1-866-333-4823 for the hearing and speech impaired.

**What can I do if I don't agree with this decision?**
The California Department of Managed Health Care is responsible for regulating health care service
plans. If you have a grievance against your health plan, you should first telephone your health plan a
**1-800-365-0609** or 1-866-333-4823 for the hearing and speech impaired and use your health plan's
grievance process before contacting the department. Utilizing this grievance procedure does not
prohibit any potential legal rights or remedies that may be available to you. If you need help with a
grievance involving an emergency, a grievance that has not been satisfactorily resolved by your
health plan, or a grievance that has remained unresolved for more than 30 days, you may call the
department for assistance. You may also be eligible for an Independent Medical Review (IMR). If yo
are eligible for IMR, the IMR process will provide an impartial review of medical decisions made by a
health plan related to the medical necessity of a proposed service or treatment, coverage decisions
for treatments that are experimental or investigational in nature and payment disputes for emergenc
or urgent medical services. The department also has a toll-free telephone number **(1-888-HMO-221**
and a TDD line **(1-877-688-9891)** for the hearing and speech impaired. The department's Internet
Web site **http://www.hmohelp.ca.gov** has complaint forms, IMR application forms and instructions
online.

**How do I file an IMR?**
You must file an IMR within six months after we send you a written response to your grievance.
You can file online at www.HealthHelp.ca.gov. This is the fastest way. Or you can file by mail
or fax. We've included copies of everything you need with this letter including:

- IMR Application Instructions
- IMR Application
- Authorized  Assistant form
- Envelope addressed to the Department of Managed Health Care

IMR is free to you. There aren't any filing fees either. Please look over the IMR Application
Instructions for more details.

The IMR process is in addition to any other procedures or remedies that may be available to
you. Please refer to your Evidence of Coverage for more details.

**Can I get copies of documents for my records?**
Of course! You can call us or send a letter to ask for free copies of all documents, including the actu
benefit provision, guideline, protocol or other similar criterion this decision was based on.

**Can I get diagnosis and treatment codes?**
You can! Just call us to ask for them. You can also ask for descriptions of the codes, if they are
available.

**Do I have more options?**
You may contact the HMO Help Center at any time.
Department of Managed Health Care
HMO Help Center
980 9th St, Suite 500
Sacramento, CA 95814
1-888-466-2219
http://www.HealthHelp.ca.gov

State of California
Health and Human Services Agency
Department of Managed Health Care
IMR APPLICATION/COMPLAINT FORM – English Web
DMHC 20-224   New  11/15



## INDEPENDENT MEDICAL REVIEW (IMR) APPLICATION/COMPLAINT FORM

### IMPORTANT INFORMATION

**You can submit your IMR Application/Complaint Form online at: www.HealthHelp.ca.gov**

❖ **FREE:** The IMR/Consumer Complaint process is free.

❖ **FAST:** IMRs are usually decided within 30 days, or within 7 days if the health issue is urgent.

❖ **SUCCESSFUL:** Close to **60%** of patients receive the requested service through IMR.

❖ **FINAL:** Health plans must follow the IMR decision and promptly provide the service.

### PATIENT INFORMATION

First Name _____ Middle Initial ___ Last Name _____

Patient's Date of Birth (mm/dd/yyyy) _____ Gender. ☐ Male ☐ Female

Name of Parent or Guardian if Filing for Minor Child _____

Street Address _____

City _____ State _____ Zip _____

Daytime Phone # _____ Evening Phone # _____

Email Address _____

Health Plan Name _____ Patient's Membership # _____

Medical Group Name (if enrolled in a medical group) _____

Employer _____ ☐ Not Employed

Do you want someone to help you with your complaint?                                   ☐ Yes ☐ No

   If yes, please complete the attached 'Authorized Assistant Form.'

Do you have Medi-Cal?                                                                                    ☐ Yes ☐ No

   If yes, have you filed a Request for a State Fair Hearing?                      ☐ Yes ☐ No

Do you have Medicare or Medicare Advantage?                                              ☐ Yes ☐ No

Have you filed a complaint or grievance with your health plan?                       ☐ Yes ☐ No

Are you seeking payment for a service that you have already received?          ☐ Yes ☐ No

   If yes, list the date(s) of service, and the provider's name:

Are you seeking authorization for future services?                                          ☐ Yes ☐ No

Do you need help with daily activities or consider yourself to have a disability?   ☐ Yes ☐ No

# EXHIBIT 3



DEPARTMENT OF
**Managed**
**Health Care**

Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency
**DEPARTMENT OF MANAGED HEALTH CARE**
980 9th Street, Suite 500, Sacramento, CA 95814-2725
Toll-Free: 1-888-466-2219 | Fax: 916-255-5241
Email: helpline@dmhc.ca.gov
www.HealthHelp.ca.gov

July 19, 2018

JOSEPH IPARAGUIRRE
11801 PIERCE STREET
RIVERSIDE CA  92505

Patient:       Joseph Iparaguirre
DMHC#:      1058048
Health Plan:  Blue Cross of California (Anthem Blue Cross)

Dear Joseph Iparaguirre:

Thank you for sending your Independent Medical Review (IMR)/Complaint Form to the Department of Managed Health Care (Department).

The Department's mission is to protect consumers' health care rights and ensure a stable health care delivery system. The Department protects the health care rights of more than 26 million Californians through the regulation of health plans.

We sent your complaint to Anthem Blue Cross. We asked Anthem Blue Cross to research the issues in your complaint and to respond to us in writing. We will evaluate the information you and Anthem Blue Cross provide and will send you our written decision within 30 days. Or, if your complaint qualifies for an Independent Medical Review, you will receive a separate letter from the Department with information about the IMR process.

If you have questions, please call us toll-free at 1-888-466-2219. You may also go to our website at www.HealthHelp.ca.gov, which has more information about the Department and consumer health care rights in California.

Sincerely,

*Ayriel S*

Ayriel S
Complaint Analyst
Help Center
Department of Managed Health Care

*Protecting the Health Care Rights of More Than 26 Million Californians*
*Contact the DMHC Help Center at 1-888-466-2219 or www.HealthHelp.ca.gov*

#300

Anthem Blue Cross
Grievances and Appeals
P.O. Box 4310
Woodland Hills CA 91365



July 23, 2018

Joseph Iparaguirre
20061 Lounsberry Rd
Perris, Ca, 92570-0000

Dear Mr. Iparaguirre,

### We've reviewed your grievance.

We've gone over everything and have decided to keep our
previous coverage decision. Here's a detailed explanation.

### Your grievance
You requested a grievance for coverage of Synvisc One a
hyaluronan (thick slippery material that cushions the joint)
injection for the knee because you state that this is
medically necessary to treat your condition (bilateral knee
pain).

| More Details |
| --- |

**Member**
Iparaguirre, Joseph

**Member ID**
196M85290

**Case Number**
442081

**Date Request Received**
June 10, 2018

### Our decision
Your plan has reviewed your specific circumstances and health conditions as documented in the
medical records provided. The reviewers included a health plan specialist who is a medical doctor
board (MD) certified in orthopedic surgery and a health plan medical director who is a medical
doctor (MD) board certified in allergy and immunology.

We cannot approve your request for injections (Synvisc- One/Hyaluronan Injections) into the knee
joint. The requested knee injection is considered not medically necessary for your condition and for
all other knee conditions (Including osteoarthritis of the knee). We based this decision on the health
plan clinical guideline titled Hyaluronan Injections in the Knee (CG-DRUG-29).

The services are considered not Medically Necessary as defined in section titled "Definitions" of
your Evidence of Coverage (benefits booklet), dated January, 2018, as the following:

### Medical Necessity (Medically Necessary)
Medically necessary procedures, services, supplies or equipment are those that your medical
group or Anthem decides are:

Anthem Blue Cross is the trade name of Blue Cross of California. Anthem Blue Cross is an independent
licensee of the Blue Cross Association. ANTHEM is a registered trademark of Anthem Insurance
Companies, Inc. The Blue Cross name and symbol are registered marks of the Blue Cross Association.

CA-DMHC-NMN-PLAN-072417

- Appropriate and necessary for the diagnosis or treatment of the medical condition.
- Clinically appropriate in terms of type, frequency, extent, site and duration and considered effective for the patient's illness, injury or disease.
- Provided for the diagnosis or direct care and treatment of the medical condition.
- Within standards of good medical practice within the organized medical community.
- Not primarily for your convenience, or for the convenience of your doctor or another provider.
- Not more costly than an alternative service or sequence of services that is medically appropriate and is likely to produce equivalent therapeutic or diagnostic results in regard to the diagnosis or treatment of the patient's illness, injury, or condition.
- The most appropriate procedure, supply, equipment or service which can safely be provided.  The most appropriate procedure, supply, equipment or service must satisfy the following requirements:
    - There must be valid scientific evidence demonstrating that the expected health benefits from the procedure, equipment, service or supply are clinically significant and produce a greater likelihood of benefit, without a disproportionately greater risk of harm or complications, for you with the particular medical condition being treated than other possible alternatives; and
    - Generally accepted forms of treatment that are less invasive have been tried and found to be ineffective or are otherwise unsuitable.

**Additional Rights**

If your health benefit plan is subject to the Employee Retirement Income Security Act of 1974 (ERISA), once you have exhausted all mandatory appeal rights, you have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA within one year from the date of this letter.

If you don't agree with the way your grievance was handled, we can work with you to find a solution. Your Evidence of Coverage should have more information about resolving disputes (look for details about Binding Arbitration).

This is our final decision for your grievance but you may have more rights. We've included information with this letter. If you have any question about our decision or your rights, please contact customer service toll free at **1-800-365-0609** or 1-866-333-4823 for the hearing and speech impaired. You can also write to **Anthem Blue Cross, Grievances and Appeals, P.O. Box 4310, Woodland Hills, CA 91365**.

Sincerely,

Yu-Luen Hsu, M.D.
Medical Director
Grievances and Appeals

YLH/cm

# EXHIBIT 4



DEPARTMENT OF
**Managed**
**Health care**

Edmund G. Brown Jr., Governor
State of California
Health and Human Services Agency
**DEPARTMENT OF MANAGED HEALTH CARE**
980 9th Street, Suite 500, Sacramento, CA 95814-2725
Toll-Free: 1-888-466-2219 | Fax: 916-255-5241
Email: helpline@dmhc.ca.gov
www.HealthHelp.ca.gov

October 2, 2018

JOSEPH IPARAGUIRRE
11801 PIERCE STREET
RIVERSIDE CA  92505

Patient:       Joseph Iparaguirre
DMHC#:       1062476 - IMR01
Health Plan:  Blue Cross of California (Anthem Blue Cross)

## WRITTEN DECISION ADOPTING DETERMINATION OF INDEPENDENT MEDICAL REVIEW ORGANIZATION

Type:                     Medical Necessity
Medical Condition:        Bilateral Knee Pain
Disputed Treatment:       Bilateral Synvisc One Injections
IMRO Determination:       Overturned Decision of Health Plan

Thank you for submitting your Application for Independent Medical Review (IMR) to the Department of Managed Health Care (DMHC) Help Center.

The mission of the DMHC is to protect consumers' health care rights and ensure a stable health care delivery system. The Department accomplishes this mission by ensuring the health care system works for consumers. The DMHC currently protects the health care rights of more than 25 million Californians through the regulation of health care service plans.

Your request for authorization and coverage for bilateral Synvisc One injections was referred to MAXIMUS Federal Services, Inc. (MAXIMUS), an Independent Medical Review organization, where independent medical providers resolve disputes about health care services.

In your case, the independent provider determined that the services you requested are medically necessary. This decision overturns the original denial by Anthem Blue Cross. Anthem Blue Cross must now authorize the services you requested and notify the DMHC within five working days.

Anthem Blue Cross should contact you in writing or by phone within 10 business days with information about the authorization. If you have not been contacted within 10 business days

Joseph Iparaguirre
Case #1062476 - IMR01

October 2, 2018
Page 2

please call Anthem Blue Cross member services for help. The Anthem Blue Cross member services phone number is on your health plan identification card.

Sincerely,

*Edric M*

Edric M
Complaint Analyst
Help Center
Department of Managed Health Care

cc:  Blue Cross of California
     Adnan Cutuk, MD



**MAXIMUS**
**Federal Services**

September 28, 2018

Joseph Iparaguirre
11801 Pierce Street
Riverside, CA 92505

**Summary: MAXIMUS Federal Services, Inc. ("MAXIMUS") has determined that the requested services are medically necessary for treatment of your medical condition. Therefore, MAXIMUS has decided that Anthem Blue Cross's denial of the requested services should be Overturned.**

**Enrollee Name:** Joseph Iparaguirre
**Patient Name:** Joseph Iparaguirre
**Health Plan:** Anthem Blue Cross
**DMHC Case File #:** 1062476
**Dates of Service:** Pre-Service

Dear Mr. Iparaguirre:

You filed an Independent Medical Review request with the California Department of Managed Health Care. The Department assigned your Independent Medical Review to us, MAXIMUS.

We, MAXIMUS are under contract with the Department to make "independent medical review" decisions in appeals such as yours. This means we employ qualified doctors and other health care professionals who study your file and medical records to decide if the care you requested is or is not medically necessary. MAXIMUS and all of our reviewers are impartial and independent. We are paid for this work by the California Department of Managed Health Care, not by health plans.

**Summary of Our Decision:**

A 60-year-old male enrollee has requested authorization and coverage for bilateral Synvisc One injections. The Health Plan has denied this request indicating that the requested services are not medically necessary for treatment of the enrollee's bilateral knee pain.

One physician reviewer performed a medical necessity Independent Medical Review. The physician reviewer overturned the Health Plan's denial on the basis that the requested services are medically necessary.

A MAXIMUS physician reviewer has examined all of the medical records and documentation submitted, and has carefully considered all of the arguments submitted by you, your providers, and the Health Plan.

**Physician Reviewer Qualifications:**

The MAXIMUS decision was made by an independent physician who has no affiliation with Anthem Blue Cross. The MAXIMUS physician reviewer is actively practicing and is board certified in orthopedic surgery.

Attached to this letter you will find the MAXIMUS physician reviewer's report.

**Appeal of the MAXIMUS Decision:**

You cannot appeal this decision. The Department of Managed Health Care does not accept appeals of a MAXIMUS decision. The decision of MAXIMUS is final.

**Explanation of Our Services:**

Please be aware that MAXIMUS is providing an independent review service. MAXIMUS is not engaged in the practice of law or medicine. Decisions about the use or nonuse of health care are the sole responsibility of the patient and that patient's physician. MAXIMUS is not liable for any consequences arising from these decisions.

Sincerely,
**MAXIMUS**

Thomas Naughton
California Independent Medical Review Project

CC:    State of California Department of Managed Health Care

   Anthem Blue Cross

   Adnan Cutuk, MD

TN/sab

## MAXIMUS FEDERAL SERVICES, INC.
## CALIFORNIA MEDICAL PROFESSIONAL REVIEWER REPORT

**Biography:**

I am board certified in orthopedic surgery and I am actively practicing. I am an expert in the treatment of the enrollee's medical condition and knowledgeable about the proposed treatment through recent or current actual clinical experience treating those with the same or a similar medical condition. In addition, I hold a current certification by a recognized American medical specialty board in the area or areas appropriate to the treatment under review. I have no history of disciplinary action or sanctions against my license.

**Adequacy of Medical Records and Clinical Information:**

*Medical Records and Other Clinical Records for Review*

1. Enrollee medical records dated 12/7/15 through 7/9/18.

*Reviewer Assessment of Records*

I find the medical records and other clinical information legible and absent any relevant deficiency.

**Summary Review Determination:**

A 60-year-old male enrollee has requested authorization and coverage for bilateral Synvisc One injections. The Health Plan has denied this request indicating that the requested services are not medically necessary for treatment of the enrollee's bilateral knee pain.

A review of the record indicates the enrollee has a history of bilateral knee pain. Per the provider, the enrollee has been treated with non-steroidal anti-inflammatory drugs (NSAIDs) without substantial pain relief. On 6/27/18, the provider noted the enrollee presented with complaints of bilateral knee cracking and pain. The provider noted that prior treatment with Synvisc One injections resulted in substantial improvement of the enrollee's symptoms. The provider recommended Synvisc One injections for bilateral knees.

The Health Plan indicates the requested services are not medically necessary for treatment of the enrollee's medical condition.

At issue in this case is whether the requested services are medically necessary for treatment of the enrollee's medical condition.

*Alternative Service Offered by Health Plan*

Not known at this time.

**Evidence for My Determination:**

*Evidence Submitted for Review*

1. Health Plan Evidence of Coverage.

2. Health Plan Clinical UM Guideline: Hyaluronan Injections.

*Additional Evidence Cited by MAXIMUS Reviewer*

I have reviewed the submitted evidence and performed a search of the relevant medical literature. The following evidence supports my decision:

1. Campbell, K., et al. Is local viscosupplementation injection clinically superior to other therapies in the treatment of osteoarthritis of the knee: a systematic review of overlapping meta-analyses. *Arthroscopy*, 2015 Oct;31(10):2036-45.e14.

2. Maheu, E., et al. Efficacy and safety of hyaluronic acid in the management of osteoarthritis: evidence from real-life setting trials and surveys. *Semin Arthritis Rheum*, 2016 Feb;45(4 Suppl):S28-33.

**Summary of Relevant Patient Medical History and Current Condition:**

The patient is a 60-year-old male with osteoarthritis in both knees. The records from multiple providers document long-standing symptoms in the knees with hyaluronic acid injections performed on 1/11/16, 9/12/16, and 3/13/17, with long-term relief of symptoms. The provider has recommended a repeat series of hyaluronic acid injections. The patient has requested authorization and coverage for bilateral Synvisc One injections. The Health Plan has denied this request indicating that the requested services are not medically necessary.

**Analysis and Findings:**

There is adequate evidence that intraarticular hyaluronic acid injections reduce pain and increase function in knee osteoarthritis, and the benefits are long-lasting as compared with intraarticular corticosteroids. In a systematic review of meta-analyses, Campbell and colleagues conducted a systematic review of overlapping meta-analyses comparing hyaluronic acid injections with other non-operative treatment modalities for knee osteoarthritis. The authors found that intraarticular hyaluronic acid improves knee pain and function for up to 26 weeks. In addition, Maheu and colleagues noted that the benefits of intraarticular hyaluronic acid on knee osteoarthritis may include "mechanical viscosupplementation of the joint (allowing lubrication and shock absorption) and…the re-establishment of joint homeostasis through induction of endogenous HA [hyaluronic acid] production, which continues long after the exogenous injection has left the joint." Moreover, hyaluronic acid injections have been shown to have a good safety profile. This patient reported consistent relief with hyaluronic acid injections. Given this support, the requested bilateral Synvisc One injections are medically necessary for treatment of this patient's bilateral knee osteoarthritis.

*My Determination*

I have determined that the requested services are medically necessary for treatment of the patient's medical condition. Therefore, the Health Plan's denial should be overturned.

EXHIBIT 5



**MAKE CHECKS PAYABLE TO:**

**Girard Orthopaedic Surgeons**
9333 Genesee Ave. Ste 350
San Diego, CA 92121
858-598-5654 Ext. 224 or 225 or 230
or Email us at kate@askmbs.com

| Statement Date | Amount Due | Date Due | Account # |
|---|---|---|---|
| 07/29/2021 | $2,558.00 | 08/19/2021 | 105557 |

**Pay Your Bill Online.** Fast. Easy. Secure.
**www.girardortho.com**

Your Bill Pay Code: **2AU4VM**

Guarantor #: 96890

See reverse side for credit card or check payment.

**ADDRESSEE:**

PATIENT NAME
RETURN SERVICE REQUESTED   0    0

46-16000
10769454.7
13033350

JOSEPH IPARAGUIRRE
11801 PIERCE ST STE 200
RIVERSIDE, CA 92505-4400

**REMIT TO:**

GIRARD ORTHOPAEDIC SURGEONS
9333 GENESEE AVE STE 350
SAN DIEGO CA 92121-2103

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

**STATEMENT**

Please detach and return top portion with payment.

Page 1 of

# FINAL NOTICE

| DATE | PROVIDER | DESCRIPTION | FEE | INSURANCE PAYMENTS/CREDITS | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|
| | Michael P Kimball | | | | |
| 11/13/2020 | | Injection/Aspirate; major joint or bursa | $127.00 | | |
| 11/13/2020 | | Injection/Aspirate; major joint or bursa | $127.00 | | |
| 11/13/2020 | | Hyaluronan, Synvisc-One 1mg | $1,152.00 | | |
| 11/13/2020 | | Hyaluronan, Synvisc-One 1mg | $1,152.00 | | |
| 11/21/2020 | | Filed charges of 2558.00 to Anthem Blue | | | |
| | | **BALANCE:** | | | **$2,558.0** |

# If no payment is made, this account is being turned over to collection.

Please Make Checks Payable to:

GIRARD ORTHOPAEDIC SURGEONS
9333 GENESEE AVE. STE 350
SAN DIEGO CA 92121

| Balance Due Upon Receipt | | $2,622.23 |
|---|---|---|
| | PATIENT RESPONSIBILITY | $2,558.00 |
| | AMOUNT DUE NOW | $2,558.00 |

QUESTION WITH THIS STATEMENT? PLEASE CONSULT
OTHER SIDE PRIOR TO CALLING 858-598-5654 Ext. 224 or 225 or 23

1303347 1086234.2.5 25-7267 1/1



MAKE CHECKS PAYABLE TO:

**MAKE CHECKS PAYABLE TO:**

**Girard Orthopaedic Surgeons**
9333 Genesee Ave. Ste 350
San Diego, CA 92121
Medicare Patients: 858-455-7680
All Other: 858-598-5654
Email us at billingsupport@askmbs.com

| Statement Date | Amount Due | Date Due | Account # |
|---|---|---|---|
| 11/10/2021 | $2,319.00 | 12/01/2021 | 105557 |

Pay Your Bill Online. Fast. Easy. Secure.
**www.girardortho.com**
Your Bill Pay Code: **2AU4VM**

Guarantor #: 96890
See reverse side for credit card or check payment.

**ADDRESSEE:**
PATIENT NAME
RETURN SERVICE REQUESTED      0      0

25-7267
1303347
1086234.2.5

JOSEPH IPARAGUIRRE
11801 PIERCE ST STE 200
RIVERSIDE, CA 92505-4400

**REMIT TO:**

**GIRARD ORTHOPAEDIC SURGEONS**
**9333 GENESEE AVE STE 350**
**SAN DIEGO CA 92121-2103**

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

**STATEMENT**

Please detach and return top portion with payment.

Page 1

| DATE | PROVIDER | DESCRIPTION | FEE | INSURANCE PAYMENTS/CREDITS | PATIENT RESPONSIBILITY |
|---|---|---|---|---|---|
| | Michael P Kimball | | | | |
| 11/13/2020 | | Injection/Aspirate; major joint or bursa | $127.00 | | |
| 11/13/2020 | | Injection/Aspirate; major joint or bursa | $127.00 | | |
| 11/13/2020 | | Hyaluronan, Synvisc-One 1mg | $1,152.00 | | |
| 11/13/2020 | | Hyaluronan, Synvisc-One 1mg | $1,152.00 | | |
| 11/21/2020 | | Filed charges of 2558.00 to Anthem Blue | | | |
| 10/15/2021 | | Contract Disallowed Adjustment from Anthem | | $-126.22 | |
| 10/15/2021 | | Payment from Anthem Blue Cross of CA Main | | $-127.78 | |
| | | BALANCE: | | | $2,304. |
| | Michael L Collins | | | | |
| 02/24/2021 | | New Patient Visit | $228.00 | | |
| 02/24/2021 | | Office Visit Est Patient | $155.00 | | |
| 02/24/2021 | | New Patient Visit | $-228.00 | $-228.00 | |
| 02/28/2021 | | Filed charges of 383.00 to Anthem Blue Cross | | | |
| 06/07/2021 | | Filed charges of 155.00 to Anthem Blue Cross | | | |
| 08/19/2021 | | Filed charges of 155.00 to Anthem Blue Cross | | | |
| 06/04/2021 | | Contract Disallowed Adjustment from Anthem | | $-122.23 | |
| 06/04/2021 | | Payment from Anthem Blue Cross of CA Main | | $-90.77 | |
| 06/07/2021 | | Contract Disallowed Adjustment from Anthem | | $122.23 | |
| 10/19/2021 | | Contract Disallowed Adjustment from Anthem | | $90.77 | |
| 10/19/2021 | | Contract Disallowed Adjustment from Anthem | | $-140.00 | |
| | | BALANCE: | | | $15. |

Please Make Checks Payable to:

GIRARD ORTHOPAEDIC SURGEONS
9333 GENESEE AVE. STE 350
SAN DIEGO CA 92121

Due Date: 12/01/2021

| | | $2,319.00 |
|---|---|---|
| | **PATIENT RESPONSIBILITY** | $2,319.00 |
| | **AMOUNT DUE NOW** | $2,319.00 |

QUESTION WITH THIS STATEMENT? PLEASE CONSULT
OTHER SIDE PRIOR TO CALLING 858-598-5654